JOHNNIE FAY KENNEDY f/k/a )
Johnnie Fay (Fann) Robson, )
)
    Plaintiff/Appellee, )
) Appeal No.
vs. ) 01-A-01-9707-CV-00343
)
KENNETH WAYNE ROBSON, ) Sumner Circuit
) No. 16331-C
    Defendant/Appellant. )

**FILED**

October 30, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT FOR SUMNER COUNTY,

AT GALLATIN, TENNESSEE


THE HONORABLE THOMAS GOODALL, JUDGE




MICHAEL W. EDWARDS
177 East Main Street
Hendersonville, Tennessee  37075
    ATTORNEY FOR PLAINTIFF/APPELLEE




THOMAS L. WHITESIDE
Fowlkes & Whiteside
172 Second Avenue North, Suite 204
Nashville, Tennessee  37201-1908
    ATTORNEY FOR DEFENDANT/APPELLANT




REVERSED AND REMANDED




WILLIAM B. CAIN, JUDGE

# O P I N I O N

This case represents an attempt on the part of the attorney of a successful divorce litigant to enforce an award of attorneys fees, using the contempt powers of the trial court having jurisdiction, in the name not of the attorney but of the litigant.  The relevant facts reveal that the court below entered a final decree of divorce in Appellee's favor, which states:

> (12) The court hereby awards the **WIFE** her reasonable attorney's fees due **Michael W. Edwards** in the amount of $5497.00 as alimony in solido, the same to be considered a judgment in favor of **MICHAEL W. EDWARDS** against **HUSBAND, KENNETH WAYNE ROBSON**, for which execution may issue if necessary.

Subsequently, that order was amended by reducing the award to $2,997.00 as alimony in solido.  On December 4, 1997, Appellee filed a petition for contempt, citing as grounds:

### I

> These parties were divorced by *Final Decree of Divorce* on the 1st day of May, 1997, wherein judgment was granted to the Petitioner in favor of her attorney, **MICHAEL W. EDWARDS,** in the amount of *Five Thousand Four Hundred Ninety-seven and 00/100 Dollars ($5,497.00)* as alimony in solido against the **Respondent.**

### II

> Subsequently thereto, an Agreed Order was entered on August 8, 1997, reducing the amount of alimony in solido [attorney's fees] by *Two Thousand Five Hundred and 00/100 Dollars ($2,500)* to the sum of *Two Thousand Nine Hundred Ninety-seven and 00/100 Dollars ($2997.00)*, which as of this date remains due, owing and unpaid except for one payment of *One Hundred and 00/100 Dollars* ($100.00).

The order which is the subject of this appeal, entered on December 18, 1997, reads, in pertinent part, as follows:

> (1) Kenneth Wayne Robson is in willful and deliberate civil contempt of the Court's order for non-payment of alimony in solido in the amount of $2,897.00 plus accrued interest of $260.73 for a total of $3,157.73.

> (2) The court incarcerates Kenneth Wayne Robson in the Sumner County Jail for six months or until he purges himself of contempt by payment to the Clerk in the amount of $3,157.73.

The main issue to be decided, is, in Appellant's words:

Whether the trial court erred in concluding that an attorney can invoke the contempt powers of the court to enforce collection of an attorney fee award which was denominated as alimony in solido.

After due consideration to counsel's able argument on both sides and under the authorities cited below, this court answers the above issue in the negative.

## I.     Contempt

"In Tennessee, the court's authority to punish certain acts as contempt derives from statute and is limited to the forms of conduct set forth in Tennessee Code Annotated section 29-9-102." *State v. Turner*, 914 S.W.2d 951, 955 (Tenn. Ct. App. 1995).

This statute provides:

**29-9-102. Scope of power.** -- The power of the several courts to issue attachments, and inflict punishments for contempt of court, shall not be construed to extend to any except the following cases:
(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.
(2) The willful misbehavior of any of the officers of such courts, in their official transactions.
(3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts.
(4) Abuse of, or unlawful interference with, the process or proceedings of the court.
(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them.
(6) Any other act or omission declared a contempt by law. [Code 1858, § 4106 (deriv. Acts 1831, ch. 19, § 1); Shan., § 5918; Code 1932, § 10119; T.C.A. (orig. ed.), § 23-902.]

Appellee has made no allegations which would amount to willful disobedience of a court order. Appellant cites in his brief, and this court finds controlling, the case of *Weinstein v. Heimberg*, 490 S.W.2d 692 (Tenn. Ct. App. 1972). Here, as in *Weinstein*, the only evidence offered shows that the husband has not paid his wife's attorney's bill in full. The record before us reveals no wilful refusal on the part of Mr. Robson. The debt that was alleged in the

petition was no more than two months in arrears. The *Weinstein* court found, as this court does here, that under facts such as these, a contempt petition is inappropriate.

## II. Proper Parties to Alimony Awards

Even if the instant contempt petition had been filed in keeping with the requirements of Tennessee's contempt statute, the original grant of attorneys fees as alimony in solido *and* as a judgment in favor of Appellee's *counsel* would not support such an action. Alimony is a right in the nature of rehabilitation for the needy spouse. *See Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1998). This court has held previously that attorney's fees awards should not be granted directly to a spouse's attorney insofar as the attorney is not a party to the divorce action. *Wilson v. Wilson*, No. 01-A-01-9707-CV-00325, 1998 WL 557609 at *12 (Tenn. Ct. App. Sept. 2, 1998). Such an award does violence to the concept and purpose of alimony and shall be considered void. On remand, this court suggests that the parties may desire to file a motion pursuant to Tenn. R. Civ. P. 60.02(1998) to correct the Final Divorce Decree to reflect a proper attorney's fee award in favor of the Appellee herself as opposed to her counsel.

In light of these circumstances, the Order of Contempt is hereby vacated and the finding of the court below reversed. The cause is remanded to the trial court for such further proceedings as are necessary. Costs on appeal are taxed against the Appellee.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL, PRESIDING JUDGE,M.S.

_____
WILLIAM C. KOCH, JR., JUDGE

4